IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., et al.,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC)<br><br>(Jointly Administered) |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.,<br><br>            Plaintiff,<br><br>v.<br><br>Focus Capital Partners, LLC,<br><br>            Defendant. | Adv. Proc. No. 16-51551 (KJC) |

**JOINT PRE-TRIAL MEMORANDUM**

Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust (the "Liquidation Trustee"), successor to Citadel Watford City Disposal Partners, L.P. ("CWCDP") et al. (the "Debtors") and defendant Focus Capital Partners, LLC ("Focus") hereby submit their Joint Pre-Trial Memorandum in anticipation of trial scheduled to begin on February 6, 2019 at 10:00 a.m. EST.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

87714936.v1-2/1/19

**BASIS OF JURISDICTION**

The United States Bankruptcy Court for the District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Liquidation Trust contends that this matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Focus contends that the Court lacks authority to enter a final order in this matter because the constructive fraudulent transfer claim is legal in nature and Focus has not filed a proof of claim in the Debtors' chapter 11 cases.  *See Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989).  Nor does Focus consent to entry of a final order in this matter by the Court.  Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

**THE PARTIES**

On June 19, 2015 (the "Petition Date"), debtors CWCDP, Citadel Energy Services, LLC ("CES"), Pembroke Fields, LLC ("Pembroke") and Citadel Energy SWD Holdings, LLC ("Citadel Energy SWD") (collectively, the "Debtors") filed their voluntary petitions under Chapter 11 of title 11 of the United States Code.  The Debtors provided a range of fluid management services to oil and gas producers, including the safe, controlled disposal of flowback and produced water.  The Debtors operated in the Bakken Shale region of North Dakota and Montana.  The Debtors' saltwater disposal facility ("Pembroke Facility") was available for saltwater and incidental non-hazardous oil and gas waste disposal.  The Debtors also removed and sold the trace amount of oil that remains in the water disposed at the Pembroke Facility.

CWCDP is a Delaware limited partnership governed by a Limited Partnership Agreement dated as of September 16, 2013.  See Defendant's Exhibit 1.

Focus is a Nevada limited liability company.

2

**STATEMENT OF UNCONTESTED FACTS**

1.  In 2013, CWCDP created a CWCDP Confidential Private Placement Memorandum ("CWCDP PPM") for potential investors and sought an investment of $4,200,000. See Plaintiff's Exhibit 1.

2.  The CWCDP PPM provided that CWCDP was authorized to pay placement fees ("CWCDP Placement Fees") to registered broker/dealers retained by CWCDP for the referral of investors in CWCDP, and that such a CWCDP Placement Fee in the aggregate of up to 8% of the proceeds of the offering under CWCDP PPM for interests accepted by CWCDP may be paid to such registered broker/dealers. Id. at pp. 5, 33.

3.  Under Section 3.01(b) of the CWCDP Limited Partnership Agreement, the general partner, through the actions of the general partner's manager, Stanton Dodson, "had the general power to manage or cause the management of the Partnership" to execute contracts, incur other obligations, make expenditures, and to engage consultants, among other things, on behalf of CWCDP. See Defendant's Exhibit 1.

4.  Focus entered into a Consulting Agreement dated July 25, 2014 (the "Consulting Agreement") with non-debtor Citadel H2O, LLC ("Citadel H2O"), and its general partner, Citadel Energy Services, LLC. The Consulting Agreement provides compensation to Focus for the services thereunder in thirty-six (36) equal monthly payments of $20,833.33 commencing on August 1, 2014. See Defendant's Exhibit 3.

5. Focus created a two-page invoice dated October 30, 2014 (the "<u>Focus Invoice</u>"), that is addressed to Citadel H2O, but is for a "consulting fee for CWCDP LP for period ended 31 October 2014." <u>See</u> Plaintiff's Exhibit 2. The amount of the Focus Invoice was $95,760.

6. On November 24, 2014, CWCDP transferred $96,670 to Focus (the "<u>November 2014 Transfer</u>"). <u>See</u> Plaintiff's Exhibit 3.

7. The amount of the Focus Invoice ($95,760) does not match the amount of the November 2014 Transfer ($96,670).

8. CWCDP was insolvent on the date it made the November 2014 Transfer.

9. On December 4, 2014, CWCDP received $13,395.00 from Coward. <u>See</u> Plaintiff's Exhibit 4.

10. On December 9, 2014, CWCDP received $64,060.00 from Jeff McCarthy. <u>Id</u>.

11. On December 23, 2014, CWCDP transferred $42,000 to Focus (the "<u>December 2014 Transfer</u>"). <u>See</u> Plaintiff's Exhibit 4 (collectively, the November 2014 Transfer and December 2014 Transfer are referred to herein as the "<u>Transfers</u>").

12. CWCDP was insolvent on the date it made the December 2014 Transfer.

13. The Transfers totaled $138,670.

14. The Transfers occurred within two years of the Petition Date. <u>See</u> Plaintiff's Exhibit 7, Response to Request for Admission No. 4, at 9.

15. Focus received the Transfers. <u>Id.</u>, Response to Request for Admission No. 2, at 8.

4

16. Focus did not return the Transfers. <u>Id.</u>, Response to Request for Admission No. 16, at 10.

17. Focus did not file a proof of claim in the Debtors' chapter 11 cases.

18. On October 13, 2016, Alastair Smith testified before the United States Securities and Exchange Commission. <u>See</u> Plaintiff's Exhibit 5, In the Matter of Citadel Energy Services, LLC, File No. D-03533-A.

19. Focus is not a registered broker/dealer.

20. On December 12, 2016, the Debtors commenced an adversary proceeding (the "<u>Adversary Proceeding</u>") by filing a complaint (the "<u>Complaint</u>") Adversary Proceeding, [D.I. 1] against Focus seeking to avoid the certain transfers (the "<u>Transfers</u>") pursuant to 11 U.S.C. § 548 and to recover the Transfers pursuant to 11 U.S.C. § 550.

21. On January 25, 2017, the Debtors filed a Request for Entry of Default [D.I. 5].

22. On January 25, 2017, the Clerk of the Bankruptcy Court entered a default against Focus [D.I. 6].

23. On January 25, 2017, the Debtors filed a Request for Entry of Default Judgment [D.I. 7].

24. On January 25, 2017, the Clerk of the Bankruptcy Court entered a default judgment against Focus [D.I. 8].

25. On February 8, 2017, the Clerk of the Bankruptcy Court closed the Adversary Proceeding.

26. After the Liquidating Trustee refused Focus's request to stipulate to vacate the default judgment, on March 16, 2018, Focus filed its Motion to Vacate Default Judgment and to Dismiss Complaint (the "<u>Motion to Vacate and to Dismiss</u>") [D.I. 14]. In its Motion to Vacate and to Dismiss, Focus contended that the Complaint was served on an address to which Focus had no connection and submitted a supporting declaration [D.I. 15].

27. On March 29, 2018, the Liquidation Trustee filed its Objection to the Motion to Vacate and to Dismiss [D.I. 16].

28. On April 9, 2018, the Liquidation Trustee filed its Request for Oral Argument Regarding the Motion to Vacate and to Dismiss [D.I. 17].

29. On April 9, 2018, Focus filed its Reply in Support of the Motion to Vacate and to Dismiss [D.I. 18].

30. On April 16, 2018, Focus filed a Notice of Completion of Briefing regarding the Motion to Vacate and to Dismiss [D.I. 19].

31. The Court scheduled oral argument on the Motion to Vacate and to Dismiss for October 25, 2018.

32. On October 25, 2018, the Court denied Focus' motion to dismiss, granted its motion to vacate the default judgment, reopened the case, and set the case for trial on February 6, 2019.

33.     On November 7, 2018, the Court entered the scheduling order [D.I. 25]. The scheduling order set a fact discovery cutoff of December 21, 2019, and directed mediation of the dispute on or before January 11, 2019.

34.     On November 13, 2018, Focus filed its Answer to the Complaint [D.I. 29].

35.     On December 17, 2018, the parties exchanged responses to each other's discovery requests. See Plaintiff's Exhibits 7 and 8. Focus' answers to the Liquidation Trustee's interrogatories are not verified.

36.     On December 17, 2018, counsel to the Liquidation Trustee produced documents to counsel for the Focus.

37.     On December 20, 2018, the Liquidation Trustee supplemented its document production.

38.     Focus stated in response to each of the Liquidation Trustee's requests for production of documents that it "will produce any non-privileged documents responsive to this request that have not already been produced in Adv. No. 17-50024 (KJC)." See Plaintiff's Exhibit 7, Responses to Requests for Production Nos. 1-13, 15-16.

39.     On December 28, 2018, CWCDP served its expert report supporting its contention that it was insolvent on the dates of the Transfers, See Plaintiff's Exhibit 6, Expert Report of Ross Waetzman Regarding Citadel Watford City Disposal Partners, L.P., dated December 28, 2018.

7

87714936.v1-2/1/19

40. Focus did not serve any expert reports, rebuttal or otherwise. The Liquidation Trustee did not serve any other expert reports.

41. On January 10, 2019, the parties mediated before Christopher Ward. Mediation was unsuccessful. <u>See</u> Mediator's Certificate of Completion, dated January 16, 2019 [D.I. 40].

42. On January 10, 2019, Focus produced a one-page email that had not been previously produced by Focus, but was described in Focus's response to the Liquidation Trust's Interrogatory No. 3. <u>See</u> Defendant's Exhibit 4.

43. On January 16, 2019, Focus filed its Motion Pursuant to Rule 42 to Adjourn the Trial Date and to Join for Trial in Adv. Pro. 17-50024 All Matters at Issue in this Action (the "<u>Motion to Consolidate</u>") [D.I. 41]. At the same time. Focus filed a Motion to Set Expedited Briefing Schedule on Motion Pursuant to Rule 42 to Adjourn the Trial Date and to Join for Trial in Adv. Pro. 17-50024 All Matters at Issue in this Action (the "<u>Motion to Expedite</u>") [D.I. 42].

44. On January 17, 2019, the Liquidation Trustee filed its Objection to the Motion to Expedite [D.I. 43].

45. On January 18, 2018, this Court entered its Order Denying the Motion to Consolidate and the Motion to Expedite [D.I. 45].

46. On January 29, 2019, Focus requested immediate production of unredacted copies of the CWCDP bank statements for November and December 2014 listed as exhibits to this Joint Pretrial Memorandum. On January 30, 2019, the Liquidation Trustee produced copies of the unredacted bank statements.

## STATEMENT OF FACTS THAT ARE IN DISPUTE

A.  **By the Liquidation Trustee**

1. Focus failed to provide CWCDP with reasonably equivalent value in exchange for the Transfers because:

    a. It is undisputed that the CWCDP PPM restricts payment of CWCDP Placement Fees to registered broker/dealers, and it is undisputed that Focus is not a registered broker/dealer; therefore, Focus could not earn a CWCDP Placement Fee.

    b. There is no evidence in the record that CWCDP received reasonably equivalent value for the November 2014 Transfer.

    c. Focus has not provided any explanation, documentary or otherwise, for the December 2014 Transfer.

    d. There is no evidence in the record that CWCDP received reasonably equivalent value in exchange for the December 2014 Transfer.

2. Defendant did not send an invoice to CWCDP in the amount of the November 2014 Transfer.

3. Defendant did not send an invoice to CWCDP in the amount of the December 2014 Transfer.

4. Focus issued the October 30, 2014 invoice based on an assumption that it was easier to invoice from a U.S. entity, so we could be paid into a U.S. account. See Plaintiff's Exhibit 5, In the Matter of Citadel Energy Services, LLC, File No. D-03533-A, at 186:8-11.

5. Blackwood is not a registered broker dealer. Id. at 190:19-22; 215:16-216:12.

6. Defendant did not produce any documents in response to the Liquidation Trustee's requests for production served on Focus in this Adversary Proceeding prior to the expiration of the fact discovery deadline contained in the Court's scheduling order entered on November 7, 2018.

7. Focus did not respond to the Complaint.

8. Focus was formed on or about April 7, 2014 by Samurai Ventures, LLC and Yardie, LLC.

9. On January 30, 2019, the Liquidation Trustee provided Focus with an explanation for the redacted documents in its production.

**B.** **By Focus**

1. Focus provided CWCDP with reasonably equivalent value in exchange for the Transfers because:

    a. Carl Coward and Alastair Smith negotiated at arm's length an agreement with Dodson, as the general partner of CWCDP's general partner, to receive a 6% finders fee in relation to any investor funds raised for CWCDP.

b. Blackwood Equities (NSW) Pty Ltd. ("Blackwood"), wholly owned by Smith and now known as Focus Capital Pty Ltd., is a registered broker/dealer in Australia. Coward was an authorized representative of Blackwood and also did broker work through an entity called Delta Capital, which also is a registered broker/dealer in Australia.

c. Dodson had the authority to enter into the agreement with Coward and Smith. Nothing in the governing documents specifies that placement fees could be paid only to U.S. registered broker/dealers.

d. Based on the agreement with CWCDP, Coward and Smith introduced many investors to CWCDP, who in the aggregate then invested substantial funds into CWCDP.

e. CWCDP benefitted from the services provided by Coward and Smith.

f. Blackwood's invoices to CWCDP, dated May 6 and September 23, 2014, sought payment of fees relating to investment in CWCDP.

g. As set forth in the Focus Invoice, Coward and Smith introduced investors to CWCDP who invested $2,050,000 of the first $4.2 million in funds invested in CWCDP, $1,005,000 of the next $2.6 million invested and $585,000 of the last $585,000 invested. Six percent of the funds by investors introduced to CWCDP by Coward and Smith equals $218,280, well in excess of the aggregate amount of the Transfers.

11

      h.      The Focus Invoice was intended for CWCDP, not Citadel H2O, to request partial payment of the fees due from CWCDP.

      i.      Focus did not have a claim due and owing against Citadel H2O under the Consulting Agreement as of the date of the Focus Invoice.

      j.      Focus was unaware that CWCDP was insolvent on the dates of the Transfers.

2.      Focus provided CWCDP with value in good faith because:

      a.      In early December 2014, Focus through its partners Carl Coward and Jeff McCarthy re-invested $77,455 of the $96,670 transferred to Focus on November 24, 2014 back into CDCWP, as contemplated by the Focus Invoice.

      b.      Focus was unaware that CWCDP was insolvent on the dates of the Transfers.

3.      The Liquidation Trust and/or its counsel knew or should have known that the redacted November or December 2014 CWCDP bank statements contained information relevant to Focus' defenses in this action. Nor was there any valid reason to redact information in four-year old bank statements.

4.      In 2013, Carl Coward initially invested $150,000 in CWCDP.

5.      In 2013, Yardie (WA) Pty Ltd, as Trustee for the Alastair W. Smith Family Trust, initially invested $200,000 in CWCDP.

6. On November 7, 2018, the Court entered the Liquidation Trustee's form of scheduling order [D.I. 25]. The scheduling order set a fact discovery cutoff of December 21, 2019, and directed mediation of the dispute on or before January 11, 2019. Focus' form of scheduling order did not direct mediation of this dispute.

## DAMAGES AND OTHER RELIEF

A. **By the Liquidation Trustee**

1. Finding that the Transfers are avoidable pursuant to 11 U.S.C. §548 in the amount of $138,670;

2. Finding that the Liquidation Trustee can recover the Transfers pursuant to 11 U.S.C. §550 in the amount of $138,670;

3. Entering judgment against Focus in the amount of $138,670;

4. Disallowing any and all claims held by Focus against the Debtors' estates until the Focus satisfies the judgment;

5. Awarding pre- and post-judgment interest at the maximum legal rate running from the date of the judgment until the judgment is paid in full, plus costs;

6. Ordering Focus to pay the judgment in certified funds within ten (10) days of entering judgment against Focus.

7. Focus did not produce any documents in response to the Liquidation Trustee's requests for production of documents prior to the expiration of the fact discovery deadline contained in the Court's scheduling order entered on November 7, 2018.

B.  **By Focus**

1.  Holding that the Liquidation Trustee is not entitled to any of its relief requested.

2.  Prohibiting the Liquidation Trust from using or relying on the information in the CDCWP bank statements from November and December 2014 and other sanctions under Rule 37(c)(1) because of the Liquidation Trust's redaction of highly relevant information from those bank statements as to the value given by Focus and its partners to CDCWP.

## STATEMENT OF LEGAL ISSUES TO BE ADDRESSED AT THE HEARING

A.  **By the Liquidation Trustee**

1.  Whether CWCDP made the Transfers on or within 2 years of the Petition Date. The Liquidation Trustee has the burden of proof on this issue.

2.  Whether CWCDP received less than reasonably equivalent value in exchange for the Transfers. 11 U.S.C. § 548(a)(1)(B)(i). The Liquidation Trustee has the burden of proof on this issue.

3.  Whether CWCDP was insolvent on the dates the Transfers were made. 11 U.S.C. § 548(a)(1)(B)(ii)(I). The Liquidation Trustee has the burden of proof on this issue.

4.  Whether Focus was the initial transferee of the Transfers. 11 U.S.C. § 550(a)(1). The Liquidation Trustee has the burden of proof on this issue.

5.  Whether the Liquidation Trustee can recover the Transfers from Focus. 11 U.S.C. § 550(a)(1). The Liquidation Trustee has the burden of proof on this issue.

6.  Whether the Court can disallow any and all of Focus's claims against the Debtors' estates pursuant to 11 U.S.C. § 502(d) until such time Focus pays to the Liquidation Trustee the amount of the Transfers plus applicable interest. The Liquidation Trustee has the burden of proof on this issue.

7.  Whether the Court can award pre- and post-judgment interest at the maximum legal rate running from the date of judgment until the date the judgment is paid in full, plus costs. The Liquidation Trustee has the burden of proof on this issue.

**B.  By Focus**:

1.  Whether Focus gave value in good faith to CWCDP pursuant to 11 U.S.C. § 548(c) to the extent of the transfers to CWCDP made by Focus's partners in early December 2014. Focus has the burden of proof on this issue.

## WITNESSES

**A.  By the Liquidation Trustee**

The Liquidation Trustee will call the following witness.

Ross Waetzman. Mr. Waetzman is a Director at Gavin/Solmonese LLC. Mr. Waetzman will testify regarding the Transfers and the lack of reasonably equivalent value in exchange for the Transfers. Mr. Waetzman also will testify regarding CWCDP's insolvency as set forth in his expert report dated December 28, 2018.

**B.  By Focus**

Focus expects to present Carl Coward to testify regarding the value given to CWCDP.

Focus intends to call Ross Waetzman on any relevant issues not covered by his direct examination.

15

**EXHIBITS**

Attached hereto as <u>Exhibit 1</u> is a list of exhibits.  The parties may also present demonstrative exhibits to be provided to counsel in advance of the hearing; any documents necessary for rebuttal or impeachment; any documents used by any other parties; and any documents that become necessary or appropriate as discovery evolves.  Each party reserves all rights to assert any objections to exhibits sought to be introduced by any other party at the Hearing.

**ESTIMATED LENGTH OF TRIAL**

The Liquidation Trustee and Focus expect trial to last one day.

Date:  February 1, 2019

| **FOX ROTHSCHILD LLP**<br><br>/s/ Thomas M. Horan<br>Thomas M. Horan (DE Bar No. 4641)<br>Sidney S. Liebesman (DE Bar No. 3702)<br>Johnna M. Darby (DE Bar No. 5153)<br>919 N. Market Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: (302) 654-7444<br>E-mail: thoran@foxrothschild.com<br>E-mail: sliebesman@foxrothschild.com<br>E-mail: jdarby@foxrothschild.com<br><br>*Counsel to Gavin/Solmonese LLC, Liquidation Trustee* | **MACAULEY LLC**<br><br>/s/ Thomas G. Macauley<br>Thomas G. Macauley (DE Bar No. 3411)<br>300 Delaware Avenue, Suite 1018<br>Wilmington, DE  19801<br>Telephone:  (302) 656-0100<br><br>*Attorneys for Focus Capital Partners, LLC* |

16

| **Exhibit List** | | |
|---|---|---|
| **Exhibit No.** | **Bates Range** | **Description of Documents** |
| **Plaintiff's Exhibits** | | |
| Plaintiffs' Exhibit 1 | CITLIQTRUSTEE-FOCUS-000147- 000201 | Citadel Watford City Disposal Partners, L.P. – Confidential Private Placement Memorandum |
| Plaintiffs' Exhibit 2 | CITLIQTRUSTEE-FOCUS-001744-001745 | Invoice dated 30 October 2014 from Focus Capital Partners LLC to Citadel H2O, LLC |
| Plaintiffs' Exhibit 3 | CITLIQTRUSTEE-FOCUS-005081-005082 | CWCDP Wells Fargo Bank Statement for November 1-30, 2014, for Account Ending 4127 reflecting November 24, 2014 Transfer |
| Plaintiffs' Exhibit 4 | CITLIQTRUSTEE-FOCUS-005074-005077 | CWCDP Wells Fargo Bank Statement for December 1-31, 2014, for Account Ending 4127 reflecting December 23, 2014 Transfer |
| Plaintiffs' Exhibit 5 | CITLIQTRUSTEE-FOCUS-001761-001852 | Testimony of Alastair Smith before the United States Securities and Exchange Commission on October 13, 2016 |
| Plaintiffs' Exhibit 6 | N/A | Expert Report of Ross Waetzman Regarding Citadel Watford City Disposal Partners, L.P., dated December 28, 2018 |
| Plaintiffs' Exhibit 7 | N/A | Responses of Defendant Focus Capital Partners, LLC to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission served on December 17, 2018 |
| Plaintiffs' Exhibit 8 | N/A | Gavin/Solmonese LLC, Liquidation Trustee (I) Answers and Objections to Focus Capital Partners, LLC's Requests for Interrogatories and (II) Responses and Objections to Focus Capital Partners, LLC's Requests for Production of Documents Directed to Plaintiff served on December 17, 2018 |
| Plaintiffs' Exhibit 9 | CITLIQTRUSTEE-FOCUS-001411-000781 | Email from Stanton Dodson to Carl Coward, Alastair Smith and Solomon Campbell, dated October 27, 2013 |
| Plaintiff's Exhibit 10 | N/A | Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 548, 549, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 [D.I. 1] |
| Plaintiff's Exhibit 11 | N/A | Answer to Complaint [D.I. 29] |

| Exhibit No. | Bates Range | Description of Documents |
|---|---|---|
| Plaintiff's Exhibit 12 | CITLIQTRUSTEE-FOCUS-004993-005038 | H2O Partners, LP – Confidential Private Placement Memorandum |
| **Defendant's Exhibits** | | |
| Defendant's Exhibit 1 | N/A | Limited Partnership Agreement of Citadel Watford City Disposal Partners, L.P., dated as of September 16, 2013 |
| Defendant's Exhibit 2 | CITLIQTRUSTEE-FOCUS-001744-001745 | Invoice dated 30 October 2014 from Focus Capital Partners LLC to Citadel H2O, LLC |
| Defendant's Exhibit 3 | CITLIQTRUSTEE-FOCUS-005074-005077 | CWCDP Wells Fargo Bank Statement for December 1-31, 2014, for Account Ending 4127 reflecting contributions by Carl Coward and Jeff McCarthy on December 4 and 9 |
| Defendant's Exhibit 4 | N/A | Email from Stanton Dodson to Carl Coward, Alastair Smith and Solomon Campbell, dated October 27, 2013 |
| Defendant's Exhibit 5 | N/A | Invoice dated 6 May 2014 from Blackwood Equities (NSW) Pty Ltd to Mr. Stanton Dodson, Citadel Energy Partners |
| Defendant's Exhibit 6 | N/A | Invoice dated 23 September 2014 from Blackwood Equities (NSW) Pty Ltd to Mr. Stanton Dodson, Citadel Energy Partners |
| Defendant's Exhibit 7 | CITLIQTRUSTEE-FOCUS-001692-001698 | Focus Capital Partners LLC Consulting Agreement |
| Defendant's Exhibit 8 | CITLIQTRUSTEE-FOCUS-005039-005040 | Citadel H2O Wells Fargo Bank Statement for September 1-30, 2014, for Account Ending 5384 |
| Defendant's Exhibit 9 | CITLIQTRUSTEE-FOCUS-005044-005045 | Citadel H2O Wells Fargo Bank Statement for October 1-31, 2014, for Account Ending 5384 |
| Defendant's Exhibit 10 | CITLIQTRUSTEE-FOCUS-001853-001860 | Redacted CWCDP Investor List |